UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VALERIE GILLEN, <br><br> Plaintiff, <br><br> v. <br><br> CNA GROUP LIFE ASSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION NO. <br> **04-12517 GAO** <br><br> RECEIPT #_____ <br> AMOUNT $_____ <br> SUMMONS ISSUED_____ <br> LOCAL RULE 4.1_____ <br> WAIVER FORM_____ <br> MCF ISSUED_____ <br> BY DPTY. CLK._____ <br> DATE  11/30/04 |

## COMPLAINT FOR BENEFITS DUE

### Nature of the Action and Claim for Relief

1. The plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), and in particular 29 U.S.C. § 1132(a)(1)(B), for the purpose of recovering Long Term Disability benefits due under the terms of a Group Long Term Disability Plan, obtaining a declaration of the rights and other legal obligations of the parties with respect to the Group Long Term Disability Plan, and clarifying the plaintiff's rights to future benefits under the Plan. A real, substantial, justiciable and actual controversy exists between the parties over whether the defendant, CNA Group Life Assurance Company, has properly denied Long Term Disability benefits, properly administered the handling of the plaintiff's claim for Long Term Disability benefits, and otherwise breached its obligations under the Plan, ERISA and the Code of Federal Regulations.

## Parties

2. The plaintiff, Valerie Gillen, is a Massachusetts resident residing at 38 Choate Road, Belmont, Middlesex County, Massachusetts.

3. The defendant, CNA Group Life Assurance Company ("CNA"), has a place of business in Maitland, Florida. At all times relevant to the allegations herein, CNA has been licensed to do business in the Commonwealth of Massachusetts by the Massachusetts Department of Insurance, and has been in the business of selling insurance, and has sold insurance, in the Commonwealth of Massachusetts.

## Jurisdiction and Venue

4. Pursuant to ERISA, 29 U.S.C. sec. 1001, et seq., this Court has original jurisdiction over this dispute.

5. Pursuant to 29 CFR § 2560.503.1(l), the plaintiff is deemed to have exhausted the administrative remedies available because the defendant has failed to follow a claims procedure consistent with 29 CFR § 2560.503.1 of the Federal Regulations governing claims for Long Term Disability benefits by failing to timely make a determination of coverage and failing to timely respond to the plaintiff's appeal.

6. Venue is proper because the plaintiff resides in Massachusetts; the defendant is subject to personal jurisdiction in the District of Massachusetts; the Long Term Disability Plan at issue affords coverage to the plaintiff in Massachusetts; and the plaintiff has suffered damages within Massachusetts and is at risk of suffering further damages in Massachusetts.

## Facts

7. CNA issued Group Long Term Disability Insurance Policy No. SR-83125898 (the "CNA Policy"), effective as of August 1, 2001, to Hunt Ansbacher Offices. Upon information and belief, a true and accurate copy of the CNA Policy is attached hereto as Exhibit A.

8. The CNA Policy covers the plaintiff, Valerie Gillen, who was a full time employee of Hunt Alternatives, one of the Hunt Ansbacher Offices in Massachusetts, during the effective period of the CNA Policy and on May 21, 2003, when Ms. Gillen began her disability leave.

9. Under the terms of the CNA Policy, the Long Term Disability policy does not cover any "loss caused by, contributed to, or resulting from a Pre-existing condition."

10. A "Pre-existing condition" is defined by the CNA Policy as "a condition for which medical treatment or advice was rendered, prescribed or recommended within 3 months prior to" the employee's effective date of insurance.

11. Ms. Gillen began her employment at Hunt Alternatives on September 9, 2002, and, thus, this is her effective date of insurance.

12. Some period of time after Ms. Gillen began her employment, she began to experience a decline in her cognitive functioning.

13. Ms. Gillen's treating physicians were unable to identify any reason for the decline in Ms. Gillen's cognitive functioning.

14. The decline reached a point where Ms. Gillen could no longer perform the material and substantial duties of her position as Senior Advisor/ Director of External Relations for Hunt Alternatives.

15. In an effort to address the cognitive decline, Ms. Gillen sought treatment for a meningioma that had been diagnosed years before, but was not thought to impact her cognitive ability.

16. Ms. Gillen's neurosurgeon agreed to remove the meningioma, but at no time did he opine that the meningioma was causing or contributing to the decline in her cognitive functioning.

17. The removal of Ms. Gillen's meningioma in May of 2003 did not solve Ms. Gillen's cognitive difficulties, and she is still unable to perform the material and substantial duties of her position at Hunt Alternatives. In fact, Ms. Gillen's cognitive functioning has continued to decline.

18. Ms. Gillen's treating physicians now believe that she may be suffering from early onset Alzheimer's disease.

19. On August 6, 2003, Ms. Gillen filed a claim for Long Term Disability benefits.

20. CNA wrote to Ms. Gillen on February 7, 2004, which was over six months after she filed her claim, and denied the claim based upon the pre-existing condition exclusion.

21. CNA failed to comply with 29 CFR § 2560.503-1(f)(3) of the Rules and Regulations for Administration and Enforcement under ERISA in not timely providing a notification of benefit determination.

22. According to CNA, Ms. Gillen received treatment for a severe headache from August 4, 2002 to August 8, 2002, which was during the three months prior to September 9, 2002, Ms. Gillen's effective date of insurance.

23. CNA noted in its denial letter that while Ms. Gillen was treated for this August, 2002, headache, her physicians observed the menigioma.

24. However, Ms. Gillen's treatment for a severe headache from August 4, 2002 to August 8, 2002 had nothing whatsoever to do with her menigioma or her subsequent disability.

25. This headache was diagnosed as either "a narcotic withdrawal headache or more probably a postlumbar puncture headache."

26. Further, the meningioma noted during the August 2002 evaluation of Ms. Gillen was not noted to be a cause of Ms. Gillen's symptomatology. Rather, the meningioma was simply noted to be present, as it had been for years. In fact, the August 4, 2002 Radiology Report notes the presence of the meningioma on the CT and also concludes as follows: "No CT evidence to explain patient's symptomatology."

27. Thus, the meningioma is not "a condition for which medical treatment or advice was rendered, prescribed or recommended within 3 months prior to" September 9, 2002, which is Ms. Gillen's effective date of insurance.

28. Moreover, despite the apparent assumption by CNA, the meningioma was not a cause of Ms. Gillen's cognitive decline.

29. By letter dated April 27, 2004, Ms. Gillen's neurosurgeon, Dr. Peter Black, confirmed again that Ms. Gillen's meningioma did not cause or contribute to Ms. Gillen's cognitive decline.

30. By letter dated June 1, 2004, Ms. Gillen appealed CNA's denial.

31. By letter dated June 21, 2004, CNA acknowledged receipt of the appeal letter, but stated that the file would be reviewed and would only be referred for a formal appeal review after being reviewed.

32. By letter dated July 2, 2004, CNA notified the plaintiff that it was maintaining its position and would forward the file to the "appeals area."

33. By letter dated July 29, 2004, CNA notified the plaintiff that it required an extension of 45 days, but neglected to provide the basis for needing additional time in violation of the Code of Federal Regulations.

34. As of November 23, 2004, almost four months since CNA notified the plaintiff of its need for an additional 45 days, the plaintiff has not received a decision from CNA regarding her appeal. Accordingly, CNA has breached its obligations under the Plan, and, by refusing to address the plaintiff's appeal, has blocked her ability to pursue any further administrative remedies.

## Count I: Benefits Due

35. Ms. Gillen repeats her allegations contained in paragraphs 1 through 34 as though set forth fully herein.

36. Ms. Gillen seeks a judicial determination by this Court pursuant to 29 U.S.C. § 1132(a)(1)(B) that CNA is obligated under the CNA Policy to pay Ms. Gillen's Long Term Disability benefits.

37. A judicial determination of the rights and obligations of the parties under the CNA Policy is necessary and appropriate.

WHEREFORE, the plaintiff, Valerie Gillen, prays that this Court:

1. Declare that CNA is obligated under the CNA Policy to pay to Ms. Gillen Long Term Disability benefits;

2. Award prejudgment interest on any amount determined to be due Ms. Gillen;

3. Order such other and further relief as this Court deems just and proper; and

4. Award the plaintiff attorneys' fees and her costs.

### THE PLAINTIFF DEMANDS A TRIAL BY JURY.

The Plaintiff,
VALERIE GILLEN,
By her attorneys,

11-30-04
Date:

Allan E. Taylor
BBO #493180
Robert M. Elmer
BBO #640269
TAYLOR, DUANE, BARTON
& GILMAN, LLP
160 Federal Street
Boston, MA 02110
(617) 654-8200

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Valerie Gillen

**DEFENDANTS**
CNA Group Life Assurance Company

(b) County of Residence of First Listed Plaintiff **Middlesex County, Mass.**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Allan E. Taylor, Esq.  Robert M. Elmer, Esq.
Taylor, Duane, Barton & Gilman, LLP  (617) 654-8200
160 Federal Street  Boston, MA 02110

Attorneys (If Known)

04-12517 GAO

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury— Med. Malpractice | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury — Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 330 Federal Employers' Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and 29 U.S.C. §1132(a)(1)(B) for purpose of recovering Long Term Disability benefits.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 11-30-04
SIGNATURE OF ATTORNEY OF RECORD /s/ Robt. M. El___

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Valerie Gillen v. CNA Group Life Assurance Company__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   **04 - 12517 GAO**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Allan E. Taylor, Esq.   Robert M. Elmer, Esq.__
ADDRESS __Taylor, Duane, Barton & Gilman, LLP   160 Federal Street__
TELEPHONE NO. __Boston, MA 02110   (617)654-8200__

(Coversheetlocal.wpd - 10/17/02)