**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VALERIE GILLEN<br>　　　　Plaintiff,<br>v.<br><br>CNA GROUP LIFE ASSURANCE COMPANY<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

04-CV-12517-GAO

**ANSWER OF DEFENDANT**

The Defendant, CNA Group Life Assurance Company hereby answers Plaintiff's

Complaint as follows:

Nature of the Action and Claim for Relief

1.    Paragraph 1 states legal conclusions to which a response is not required. To the extent

that Paragraph 1 alleges facts, they are denied.

Parties

2.    Defendant lacks sufficient knowledge to admit or deny the allegations contained in

Paragraph 2.

3.    Defendant admits it has a place of business in Maitland, Florida. Defendant denies the

remaining allegations in Paragraph 3.

Jurisdiction and Venue

4.    Paragraph 4 states a legal conclusion to which a response is not required.

5.    Defendant denies the allegations contained in Paragraph 5.

6.    Paragraph 6 states legal conclusions to which a response is not required. To the extent

that Paragraph 6 alleges facts, they are denied.

<u>Facts</u>

7.  Defendant admits there is a Long Term Disability Policy No. SR-83125898, effective

August 1, 2001 and issued to the Hunt Ansbacher Offices ("Policy").  Defendant denies it

issued the Policy.

8.  Defendant admits Plaintiff is a participant in the Plan insured by the Policy.  Defendant

lacks sufficient knowledge to admit or deny the remaining allegations contained in

Paragraph 8.

9.  Defendant admits there is a Policy.  Defendant denies the remaining allegations contained

in Paragraph 9 because Plaintiff fails to state the entirety of a document that is the best

evidence of its contents.

10.  Defendant admits there is a Policy.  Defendant denies the remaining allegations contained

in Paragraph 10 because Plaintiff fails to state the entirety of a document that is the best

evidence of its contents.

11.  Defendant admits the allegations contained in Paragraph 11.

12.  Defendant denies the allegations contained in Paragraph 12.

13.  Defendant denies the allegations contained in Paragraph 13.

14.  Defendant denies the allegations contained in Paragraph 14.

15.  Defendant lacks sufficient knowledge to admit or deny the allegations contained in

Paragraph 15.

16.  Defendant lacks sufficient knowledge to admit or deny the allegations contained in

Paragraph 16.

17.  Defendant admits Plaintiff had a meningioma removed in May of 2003.  Defendant denies

Plaintiff is unable to perform the material and substantial duties of her position at Hunt

Alternatives.  Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 17.

18.    Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 18.

19.    Defendant admits the allegations contained in Paragraph 19.

20.    Defendant admits there is a letter dated February 7, 2004 from Defendant to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 20 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

21.    Paragraph 21 states legal conclusions to which a response is not required.  To the extent that Paragraph 21 alleges facts, they are denied.

22.    Defendant admits the allegations contained in Paragraph 22.

23.    Defendant admits there is a letter dated February 7, 2004 from Defendant to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 23 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents

24.    Defendant denies the allegations contained in Paragraph 24.

25.    Defendant admits there are medical records dated August 4, 2002 to August 8, 2002 that discuss the diagnosis of Plaintiff's headache.  Defendant denies the remaining allegations contained in Paragraph 25 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

26.    Defendant admits there are medical records, including a Radiology Report from August 2002.  Defendant denies the remaining allegations contained in Paragraph 26 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

27.    Defendant denies the allegations contained in Paragraph 27.

28.   Defendant admits the allegations contained in Paragraph 28.

29.   Defendant admits there is a letter dated April 27, 2004 from Peter Black, M.D to
      Plaintiff's attorney. Defendant denies the remaining allegations contained in Paragraph
      29 because Plaintiff fails to state the entirety of a document that is the best evidence of its
      contents.

30.   Defendant admits the allegations of Paragraph 30.

31.   Defendant admits there is a letter dated June 21, 2004 from Defendant to Plaintiff's
      attorney. Defendant denies the remaining allegations contained in Paragraph 31 because
      Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

32.   Defendant admits there is a letter dated July 2, 2004 from Defendant to Plaintiff's
      attorney. Defendant denies the remaining allegations contained in Paragraph 32 because
      Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

33.   Defendant admits there is a letter dated July 29, 2004 from Defendant to Plaintiff's
      attorney. Defendant denies the remaining allegations contained in Paragraph 33 because
      Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

34.   Defendant denies the allegations contained in Paragraph 34.


## Count I: Benefits Due

35.   Defendant realleges each of the paragraphs above as if fully set forth herein.

36.   Paragraph 36 states legal conclusions to which a response is not required.

37.   Paragraph 37 states legal conclusions to which a response is not required. To the extent
      that Paragraph 37 alleges facts, they are denied.

## AFFIRMATIVE DEFENSES

1.   Plaintiff failed to exhaust administrative remedies.

Respectfully Submitted,

Defendant CNA Group Life Assurance Company

By its Attorneys,

David B. Crevier, BBO # 557242
Katherine R. Parsons, BBO# 657280
CREVIER & RYAN, LLP.
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: (413) 787-2400
Facsimile: (413) 781-8235
Email: dcrevier@crevierandryan.com
        kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on Plaintiff's counsel by first class U.S. Mail, postage prepaid this 14th day of January, 2005.

Katherine R. Parsons

F:\Files\hartford\gillen\Answer.final.doc