UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALERIE GILLEN )<br>        Plaintiff, )<br>v.            )      04-CV-12517-GAO<br>            )<br>CNA GROUP LIFE ASSURANCE COMPANY )<br>        Defendant. )<br>            ) | |

## MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Defendant CNA Group Life Assurance Company hereby moves the Court to strike Plaintiff's jury demand pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's jury demand should be stricken.

The sole claim in Plaintiff's Complaint is for long-term disability benefits under an employee welfare benefit plan covered under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Complaint P. 1, 6-7. Remedies sought under ERISA are equitable in nature -- even claims merely seeking plan benefits -- for which no jury trial is available. Stanford v. AT&T Corp., 927 F. Supp. 524, 527 (D. Mass. 1996); Fuller v. Connecticut General Life Ins. Co., 733 F. Supp. 462, 463 (D. Mass. 1990).

Although the First Circuit has yet to rule on the issue of whether a plan beneficiary is entitled to a jury trial, numerous Massachusetts District Courts have considered the matter and held that no such right exists. E.g. Turner v. Fallon Community Health Plan Inc., 953 F. Supp. 419, aff'd, 127 F. 3d 196 (1st Cir. 1997) (no entitlement to jury trial under §1132(a)(1)(b) ); Stanford v. AT&T Corp., 927 F. Supp. 524, 527 (D. Mass. 1996) (same); Fuller v. Connecticut General Life Ins. Co., 733 F. Supp. 462, 463 (D. Mass. 1990) (same); Jorstad v. Connecticut General Life Ins. Co., 844 F. Supp. 46, 48 (D. Mass. 1994) (same); Charlton Memorial Hospital v. Foxboro Co., 818 F. Supp. 456, 459 (D. Mass. 1993) (same).

Furthermore, all of the federal appellate courts that have considered the matter have held that there is no right to a jury trial on ERISA claims. See, e.g., Katsaros v. Cody, 744 F.2d 270, 278 (2d. Cir.) (plaintiff not entitled to jury trial on claim for benefits), cert. denied, 469 U.S. 1072 (1984); Cox v. Keystone Carbon Co., 894 F.2d 647, 649-50 (3rd Cir.) (same), cert. denied, 498 U.S. 811 (1990); Borst v. Chevron Corp., 36 F.3d 1308 (5th Cir. 1994), cert. denied, 514 U.S. 1066 (1995) (same); Wardle v. Central States, S.E. and S.W. Areas Pension Funds, 627 F.2d 820 (7th Cir. 1980), cert. denied, 449 U.S. 1112 (1981) (same); Houghton v. SIPCO, Inc., 38 F.3d 953 (8th Cir. 1994) (same) ; Thomas v. Oregon Fruit Prods. Co., 228 F.3d 991 (9th Cir. 2000)(collecting cases); Zimmerman v. Sloss Equip., Inc., 72 F.3d 822 (10th Cir. 1995) (collecting cases); Blake v. Unionmutual Stock Life Inc. Co., 906 F.2d 1525 (11th Cir. 1990).

For these reasons, the Plaintiff respectfully requests that the Court strike Plaintiff's jury demand.

Respectfully Submitted,

Defendant CNA Group Life Assurance Company

By its Attorneys,

David B. Crevier, BBO # 557242
Katherine R. Parsons, BBO# 657280
CREVIER & RYAN, LLP.
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: (413) 787-2400
Facsimile: (413) 781-8235
Email: dcrevier@crevierandryan.com
       kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on Plaintiff's counsel by first class U.S. Mail, postage prepaid this 14th day of January, 2005.

*[signature: Katherine A. B.]*