UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
VALERIE GILLEN,                     )
                                    )
            Plaintiff,              )     C.A. NO. 04-CV-12517-GAO
                                    )
    v.                              )
                                    )
CNA GROUP LIFE ASSURANCE            )
COMPANY,                            )
                                    )
            Defendant.              )
                                    )
```

## OPPOSITION OF PLAINTIFF, VALERIE GILLEN, TO DEFENDANT'S MOTION TO STRIKE JURY DEMAND

The plaintiff, Valerie Gillen, is entitled to a jury trial regarding her claims because after over one year and five months, CNA has still not rendered a decision on Ms. Gillen's claim for long term disability benefits. Thus, Ms. Gillen is not seeking a judicial review of a claims decision by a plan administrator denying her benefits, as suggested by the defendant, but rather is seeking a decision on the merits of her claim for benefits. The defendant's Motion to Strike Jury Demand ignores the fact that the First Circuit Court of Appeals, as discussed below, specifically left open the possibility of a jury trial in certain ERISA benefits cases involving disputable issues of fact. If Ms. Gillen's case, which seeks a Court decision on the merits and involves a dispute regarding whether Ms. Gillen could perform the material and substantial duties of her position as Director of External Relations for her former employer, does not fall within the category of cases to which the First Circuit refers, then it is difficult to imagine a case that would. (See Defendant's Answer, ¶ 14.)

As alleged in the Complaint, Ms. Gillen filed her claim for long term disability benefits on August 6, 2003. By letter dated February 7, 2004, long after the deadline for making a decision, CNA denied Ms. Gillen's claim based upon a pre-existing condition exclusion. Ms. Gillen appealed this decision and, as of the filing of her Complaint in this action on November 30, 2004, had not heard back from CNA regarding her appeal. However, on January 12, 2005, counsel for Ms. Gillen received from counsel for CNA an unsigned letter dated September 16, 2004, acknowledging that the pre-existing condition exclusion was not applicable to Ms. Gillen's situation, but stating that the file needed to be reviewed further. Counsel for Ms. Gillen had never before seen this letter, nor was he aware of the substance of the letter prior to January 12, 2005. (See Affidavit of Robert M. Elmer and the September 16, 2004 letter from CNA, attached hereto as Exhibit A.) Irrespective of the mystery of what happened to the original letter, over four months have now passed since September 16, 2004, without any further communication by CNA regarding Ms. Gillen's claim or any decision regarding her benefits.

CNA has unduly inhibited the processing of Ms. Gillen's claim by (1) failing to timely process her initial claim, (2) delaying the processing of her claim by unnecessarily taking extensions, and (3) as has only recently come to light, neglecting to complete the processing of Ms. Gillen's claim after determining it had incorrectly denied her benefits based upon the pre-existing condition exclusion. The ERISA regulations require a "determination within a reasonable period of time, but not later than 45 days after receipt of the claim by the plan." 29 CFR § 2560.503-1(f)(3). In certain situations, with proper notice, the initial 45 day deadline can be extended up to a maximum of an additional 60 days and/or the deadline can

be tolled while awaiting additional information from the claimant. 29 CFR § 2560.503-1(f)(3). Nevertheless, CNA failed to meet the requirements of ERISA by taking over six months to deny Ms. Gillen's claim, only to decide by letter dated September 16, 2004, that the basis for its denial is incorrect. Then, when CNA had the opportunity to rectify its error, it chose instead to compound the error by again failing to process Ms. Gillen's claim. CNA's handling of Ms. Gillen's claim raises serious questions regarding its good faith, which will be explored further during discovery.

The ERISA regulations provide as follows:

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim. 29 CFR § 2560.503-1(l).

CNA is in gross violation of the ERISA regulations and the spirit of ERISA regarding prompt resolution of claims. Thus, pursuant to the above cited ERISA regulation and as confirmed by the United States Supreme Court, Ms. Gillen has the right to file a lawsuit under section 502(a) of ERISA, i.e. 29 U.S.C. 1132(a)(1)(B), seeking a decision on the merits of her claim for long term disability benefits. See Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985).

The defendant relies in its Motion primarily on the following two cases for the proposition that no jury trial is available for plaintiffs asserting claims seeking plan benefits: Stanford v. AT&T Corp., 927 F. Supp. 524 (D. Mass. 1996); Fuller v. Connecticut General Life Ins. Co., 733 F. Supp. 462 (D. Mass., 1990). Both of these cases stand for the more

limited proposition that a jury trial is not available to a plaintiff seeking *the review of a decision* by a plan administrator denying plan benefits. See Stanford, at 527; Fuller at 463-464. Most notably, the Fuller Court specifically stated as follows: "[a]dmittedly, there are circumstances under which a claim under section 1132(a)(1)(B) would be legal in nature, in which case a plaintiff would be entitled to a jury trial. For example, the district court in *Berlo* suggested that if a plaintiff can show 'entitlement to benefits due immediately and unconditionally, the plaintiff shall be entitled to a jury trial as to those benefits.'" Fuller v. Connecticut General Life Ins. Co., 733 F. Supp. 462, 463-64 (D. Mass. 1990)(internal citations omitted). Ms. Gillen submits that she is entitled to benefits due immediately and unconditionally. Thus, the example cited in the Fuller case is precisely Ms. Gillen's situation.

In Recupero v. New England Telephone and Telegraph Co., 118 F. 3d 820 (1997) the First Circuit Court of Appeals discussed jury trials in ERISA cases and specifically left open the possibility of a jury trial where "there is a disputable issue of fact appropriate for submission to a jury." Recupero, at 831. Where a decision is to be reviewed based solely upon the administrative record, jury trials are not available. Recupero, at 831-832. However, Ms. Gillen's case does not involve the review of a decision or an administrative record standing alone. Rather, the Court is called upon to determine the merits of Ms. Gillen's claim based upon the facts and the terms of the contract providing her long term disability benefits. If there is no dispute as to the facts, which it may be too early to know, then this matter would be appropriate for summary judgment. However, given that the defendant denied in its Answer to the Complaint that Ms. Gillen was unable to perform the material and substantial duties of her position as a Senior Advisor/Director of External Relations, it

appears that there is a dispute regarding a fact appropriate for submission to a jury. If CNA does not dispute the facts, then CNA should promptly agree to pay Ms. Gillen's long term disability benefits and her attorney's fees without further delay.

CNA, the administrator for Ms. Gillen's plan, did not remotely follow claims procedures consistent with the requirements of the ERISA regulations and has unduly hampered Ms. Gillen's efforts to seek the benefits that she is rightfully due. Thus, Ms. Gillen has chosen the remedy under section 1132(a)(1)(B) of ERISA of filing a civil lawsuit to recover benefits due and to clarify rights to future benefits under her Long Term Disability insurance policy. In other words, Ms. Gillen has turned to the Court for a decision on the merits of her claim. To the extent that CNA disputes the facts forming the basis of Ms. Gillen's claim for long term disability benefits, Ms. Gillen is entitled to a jury.

Wherefore, the plaintiff, Valerie Gillen, respectfully requests that the Court deny the defendant's motion to strike her jury demand.

The Plaintiff,
VALERIE GILLEN,
By her attorneys,

*/s/ Robert M. Elmer*

Allan E. Taylor
BBO #493180
Robert M. Elmer
BBO #640269
TAYLOR, DUANE, BARTON
& GILMAN, LLP
160 Federal Street
Boston, MA 02110
(617) 654-8200

Date: 1-26-05

I, Robert M. Elmer, attorney for the plaintiff, Valerie Gillen, hereby certify that on January 26th, 2005, I served a copy of the foregoing document on all counsel of record.

*/s/ Robert M. Elmer*

- 5 -

Exhibit A

Case 1:04-cv-12517-GAO    Document 8-2    Filed 01/26/2005    Page 1 of 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALERIE GILLEN,<br><br>      Plaintiff,<br><br>v.<br><br>CNA GROUP LIFE ASSURANCE COMPANY,<br><br>      Defendant. | C.A. NO. 04-CV-12517-GAO |

## AFFIDAVIT OF ATTORNEY ROBERT M. ELMER

I, Robert M. Elmer, depose and state the following:

1. I am an attorney admitted to practice law in the Commonwealth of Massachusetts and before the United States District Court for the District of Massachusetts.

2. I am counsel for Valerie Gillen regarding her claim for Long Term Disability benefits.

3. On January 12, 2005, I received by facsimile an unsigned copy of a letter dated September 16, 2004, addressed to me from Donna Gatling, an Appeals Specialist from CNA Group Life Assurance Company. A copy of the letter I received is attached hereto.

4. Prior to January 12, 2005, I had never seen the September 16, 2004 letter, nor was I aware of the substance of the letter.

5. Although my law firm, Taylor, Duane, Barton & Gilman, LLP, moved office locations from 111 Devonshire Street to 160 Federal Street at the end of August, 2004, we

- 2 -

arranged to have the post office forward all of our mail to 160 Federal Street. I have received multiple pieces of mail forwarded by the post office, and I am not aware that any of our mail has been lost.

6. As of today, January 26, 2005, CNA has not notified me of any decision regarding Ms. Gillen's Long Term Disability claim.

SUBSCRIBED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 26th DAY OF JANUARY, 2005.

_____
Robert M. Elmer

# CREVIER & RYAN, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5727

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Robert Elmer, Esq. | Katherine R. Parsons, Esq. |
| COMPANY: | DATE: JANUARY 12, 2005 |
| FAX NUMBER: (617) 482-5350 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: | SENDER'S TELEPHONE NUMBER: 413-787-2400 |
| RE: Gillen | YOUR REFERENCE NUMBER: |

☐ URGENT   X FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see the attached, per our telephone conversation.

Confidentiality Notice: The information contained in this fax constitutes a confidential and privileged attorney work product and is intended only for the personal and confidential use of the designated recipient named above. If the reader of this message is not the intended recipient or an agent for the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If received in error, please notify the sender at the above number and return the original to sender. Thank you.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (413) 781-8322.



**The Hartford**

Donna Gatling
Appeal Team
Appeals Specialist
P.O. Box 946710, Maitland, FL 32794-6710

Telephone: (800) 303-9744
Facsimile: (407) 919-6265

September 16, 2004

Atty. Robert M. Elmer
111 Devonshire Street
Boston, MA 02109

Claimant: Valerie Gillen
Claim Number: 2523136111
Policy Number: 83125898
Underwritten by Continental Casualty Company

Dear Atty. Robert M. Elmer:

We have completed the appeal review with regards to your client's Long Term Disability claim. The comprehensive review of the file included an assessment by a Medical Consultant, Dr. Roger Blair, Board Certified Neurologist. Based upon all of the available information we have determined that the Company's decision to deny benefits under the pre-existing exclusion was correct. However, we also have determined that your client's cognitive disorder was not pre-existing. Therefore, the file is being referred back to the Claims Team for further review with regards to your client conditions that did not fall under the exclusion.

The review of the file indicates your client last worked as Director of Administration on May 21, 2003. Your client had a left partial brain tumor surgically excised on May 27, 2003. Due to the fact that your client's date of loss occurred within a year of the effective date of coverage a pre-existing investigation was completed. It was determined that no benefits were payable as a result of your client's pre-existing conditions.

The medical conditions in question include depression, cognitive impairments, headaches and meningioma. We do agree that your client's cognitive impairment was not caused by the tumor. Therefore, since a determination has not been rendered with regards to your client's ability to perform the substantial and material duties of her occupation based upon her cognitive abilities the Claims Team will take that under consideration at this time.

Upon receipt of this letter please contact this office if you should have any questions or concerns. The Claims Team may need your assistance so that the medical records needed in order to further consider your clients request for benefits can be obtained expeditiously.

36

This concludes the appeal decision with regards to the denial of benefits under the pre-existing condition. The decision is final and binding.

Sincerely,

Donna Gatling
Appeal Specialist

The Hartford® is The Hartford Financial Services Group, Inc. and its subsidiaries, including issuing companies Hartford Life and Accident Insurance Company, Hartford Life Insurance Company and CNA Group Life Assurance Company (pending state approval of name change to "Hartford Life Group Insurance Company").

37