UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALERIE GILLEN )<br>      Plaintiff, )<br>v. )<br>)<br>CNA GROUP LIFE ASSURANCE COMPANY )<br>      Defendant. )<br>) | Civ. No. 04-12517-GAO |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Defendant, CNA Group Life Assurance Company ("GLA") hereby replies to Plaintiff's opposition to GLA's Motion to Strike Plaintiff's Jury Demand.

Through her opposition, Plaintiff: 1) concedes that the First Circuit has held that jury trials are unavailable where an ERISA benefits claim under 29 U.S.C. § 1132(a)(1)(B) is decided on the record and no additional evidence is considered, Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 24 and n.4 (1st Cir 2003); Recupero v. New England Tel. & Tel. Co., 118 F.3d 820, 831-32 (1st Cir. 1997); and 2) fails to address the numerous indistinguishable Circuit Court opinions from other judicial circuits supporting GLA's Motion to Strike Plaintiff's Jury Demand.

Plaintiff's sole argument in response to GLA's Motion to Strike is to cite dicta from three cases, Recupero v. New England Tel. & Tel. Co., 118 F.3d 820, 831-32 (1st Cir. 1997); Stanford v. AT&T Corp., 927 F. Supp. 524 (D. Mass. 1996) and Fuller v. Connecticut Gen. Life Ins. Co., 733 F. Supp. 462 (D. Mass. 1990), for the otherwise unsupported allegation that there may be a limited category of cases in which a plaintiff is entitled to a jury for an ERISA benefits claim. Plaintiff's argument lacks merit. In Recupero, Fuller, and Stanford this Court held that the ERISA plaintiff was not entitled to a jury trial. Furthermore, even in Berlo v. McCoy, 710

F.Supp. 873 (D.N.H. 1989), the case cited in Fuller for the proposition that an ERISA plaintiff may be entitled to a jury, the Court held that the ERISA plaintiff was not entitled to a jury trial. The reason Plaintiff only cites dicta is that no support exists for Plaintiff's argument against the weight of enormous precedent demonstrating that Plaintiff is not entitled to a jury trial.

In addition to failing to make any argument in support of her claim to a jury trial, Plaintiff also fails to distinguish the numerous cases from other Circuits cited by GLA. In each of the cases cited by GLA, the Circuit Courts held that the Plaintiff was not entitled to a jury when seeking benefits under 29 U.S.C. § 1132(a)(1)(B), the statutory provision on which Plaintiff expressly bases her claim. Complaint ¶ 1. In particular, Plaintiff ignores the Ninth Circuit's holding in, Thomas v. Oregon Fruit Products Company, 228 F.3d 991 (9th Cir. 2000), in which the Court required the application of de novo review to determine the merits of Plaintiff's claim, the broader standard Plaintiff alleges applies in this case, Opposition of Plaintiff at P. 4, and still held that Plaintiff was not entitled to a jury trial under 29 U.S.C. § 1132(a)(1)(B).

For the reasons stated herein, GLA requests that the Court strike Plaintiff's jury demand.

Respectfully Submitted,

Defendant CNA Group Life Assurance Company

By its Attorneys,

David B. Crevier, BBO # 557242
Katherine R. Parsons, BBO# 657280
CREVIER & RYAN, LLP.
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: (413) 787-2400
Facsimile: (413) 781-8235
Email: dcrevier@crevierandryan.com
       kparsons@crevierandryan.com

## L.R. 7.1(A)(3) CERTIFICATE

I hereby certify that prior to filing the present motion this firm conferred and attempted to resolve, or narrow the issues presented by the motion.

_____
Katherine R. Parsons

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on Plaintiff's counsel by first class U.S. Mail, postage prepaid this 1st day of February, 2005.

_____