UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALERIE GILLEN,<br><br>   Plaintiff,<br><br>v.<br><br>CNA GROUP LIFE ASSURANCE<br>COMPANY,<br><br>   Defendant. | C.A. NO. 04-CV-12517-GAO |

## JOINT STATEMENT

Pursuant to the Notice of Scheduling Conference and Local Rule 16.1, the parties submit the following Joint Statement. The parties have amicably conferred, and have significantly narrowed the areas of disagreement, but are unable to reach full agreement regarding scheduling matters due to their difference of opinion regarding the affect of a remand on the standard of review applicable to an adverse determination on remand under the circumstances presented in this case.

I.   **SUMMARY OF THE POSITIONS OF THE PARTIES**

   A.   **Plaintiff's Position**

Valerie Gillen brings this action pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover Long Term Disability benefits owed to her by the defendant, CNA Group. Ms. Gillen took a disability leave from her employer, Hunt Alternatives, on May 21, 2003 and has not been able to return to her position as Senior Advisor/ Director of External Relations due to her

disability since then. She submitted a claim to the defendant on August 6, 2003, and, almost two years later and after numerous attempts by Ms. Gillen to get a reasonable decision, the defendant has yet to render a final decision on Ms. Gillen's claim.

By letter dated February 7, 2004, over six months after she filed her claim and long after the twice-extended deadline for a decision, CNA denied Ms. Gillen's claim based upon a pre-existing condition exclusion. Ms. Gillen appealed this decision by letter dated June 1, 2004. The defendant then extended the 45 day deadline for making a "benefit determination on review" by the maximum additional 45 days, but nevertheless failed to make a "benefit determination on review" within 90 days of Ms. Gillen's appeal as required by the regulations. See 29 CFR § 2560.503-1(i), parts (1) and (3). Despite having been without benefits for over a year at that point, Ms. Gillen did not rush to Court. Rather, she waited an additional three months for the defendant to make the benefit determination on review before she determined that it was necessary to file a complaint, which she did on November 30, 2004.

On January 12, 2005, counsel for Ms. Gillen received from CNA an unsigned letter dated September 16, 2004, acknowledging that the pre-existing condition exclusion was not applicable to Ms. Gillen's situation, but stating that the file needed to be reviewed further. Assuming for the moment the authenticity of the September 16, 2004 letter, and putting aside CNA's previous multiple violations of the ERISA regulations and its failure to ever before raise the potential for denial of Ms. Gillen's claim on alternative bases, CNA had the opportunity to promptly correct its error. Instead, CNA compounded the problem by doing nothing after determining that it had erroneously denied Ms. Gillen's August 6, 2003 claim.

Remarkably, despite Ms. Gillen's repeated offers to provide the defendant with any additional information it needs, the defendant has taken the position that it will not render a decision unless Ms. Gillen (1) agrees to stay the litigation and (2) agrees that any decision reached by the defendant would only be reviewed under the abuse of discretion standard of review. The defendant is clearly attempting to re-write history to wash away its egregious treatment of Ms. Gillen.

Ms. Gillen alleges that she is "deemed to have exhausted the administrative remedies available under the plan and [is] entitled to pursue any available remedies under section 502(a) of the Act" because the defendant failed to follow claims procedures consistent with the requirements of the Rules and Regulations for Administration and Enforcement of ERISA. See 29 CFR § 2560.503.1(l). In light of these regulations, effective January 1, 2003 and applicable to this matter, Ms. Gillen has the right to pursue this matter in Court. Remanding the case under these circumstances without any conditions, as the defendant requests, violates the clear wording of the regulations. If the Court is inclined to remand Ms. Gillen's case, then it should do so only under the following conditions: (1) the benefit determination on review must be completed within 30 days; (2) a decision adverse to Ms. Gillen will be subject to the *de novo* standard of review due to the defendant's repeated violations of the ERISA regulations;[1] and (3) Ms. Gillen is entitled to her attorneys' fees

---

[1] The defendant is moving to remand this case without filing a motion. The plaintiff has not had a full and fair opportunity to brief this issue because it received the defendant's portion of the Joint Statement on May 12, 2005. Nevertheless, see Gilbertson v. Allied Signal, Inc., 328 F.3d 625, 631-32 (10th Cir. 2003) "We hold that when substantial violations of ERISA deadlines result in the claim's being automatically deemed denied on review, the district court must review the denial *de novo*, even if the plan administrator has discretionary authority to decide claims. . . . When the administrator fails to exercise his discretion within the required timeframe, the reviewing court must apply *Firestone's* default *de novo* standard."

incurred to date due to the defendant's repeated refusal to process her claim in accordance with the ERISA Regulations.[2]

The defendant continues to exacerbate Ms. Gillen's extremely unfortunate situation by disregarding its ongoing fiduciary responsibility to her. CNA's actions throughout this matter have been contrary to the language, structure and spirit of ERISA and the relevant regulations.

**B.    Defendant's Position**

This case involves a claim by Plaintiff for disability benefits under an ERISA benefit plan, insured and administered by CNA. ERISA provides for administrative review of an initial claim and any subsequent appeal, followed, as necessary, by judicial review based on the administrative record. At the time this lawsuit was filed, CNA had not completed the review of Plaintiff's claim. Rather than continuing to seek further administrative review, Plaintiff, relying on 29 C.F.R. § 2560.503-1(l), filed this lawsuit. Plaintiff alleges that CNA did not complete its review in a timely manner and consequently Plaintiff "shall be deemed to have exhausted administrative remedies available under the plan and shall be entitled to pursuant any available remedies under ERISA § 502(a)." 29 C.F.R. § 2560.503-1(l). Plaintiff's decision to pursue her remedies under ERISA § 502(a) vested jurisdiction in this Court, where – absent a remand -- it now lies.

Plaintiff argues that subsequent to her filing this action, CNA acted inappropriately by: 1) not completing its review of Plaintiff's claim; and 2) requesting information from Plaintiff and nevertheless not deciding her claim. Contrary to Plaintiff's allegations, CNA's

---

[2] See 29 U.S.C. § 1132(g)(1).

- 4 -

actions were completely appropriate as it: 1) attempted to reach an agreement with Plaintiff concerning the further administrative review of her claim; and 2) requested information from Plaintiff for the sole purpose of being able to respond to Plaintiff's settlement proposal as required under the Court's scheduling conference order.

Specifically, subsequent to Plaintiff's filing this action, CNA offered to complete the administrative review of this case and make a monetary payment to Plaintiff in exchange for Plaintiff agreeing to a 90-day stay during which CNA would complete its review. Plaintiff rejected this offer. Consequently, absent a remand to CNA as the ERISA claims administrator – as requested by CNA below – this Court retains jurisdiction over Plaintiff's claim. As further detailed below, judicial economy would be significantly furthered by the Court remanding this matter.

Moreover, Plaintiff's suggestion that CNA sought information from Plaintiff yet failed to consider her claim on the merits is misleading. The only information that CNA sought from Plaintiff subsequent to the filing of this action is information regarding potential offsets to those Plan benefits that Plaintiff seeks to recover. This information was sought solely to be able to assess the potential damages in this case in order to respond to Plaintiff's required settlement proposal.

Accordingly, CNA's actions have been entirely appropriate. CNA respectfully requests that the Court respectfully adopt its Proposed Case Scheduling Plan.

## II. PROPOSED CASE SCHEDULING PLAN

### A. Plaintiff's Proposed Scheduling Plan

Should the Court decide to remand this case for a benefit determination on review by the defendant, the plaintiff submits that the defendant should be required to expedite the matter to complete its review within 30 days. Although we dispute much of the legal argument contained in the defendant's proposed schedule, the plaintiff agrees to the deadlines contained in the defendant's proposed scheduling plan, adjusted to comply with the plaintiff's proposed 30 day remand.

Should the Court deny the plaintiff's request for a remand, the plaintiff proposes the following schedule for discovery directed toward determining whether Ms. Gillen is entitled to benefits:

1. The parties will exchange initial disclosures within 14 days after the Scheduling Conference as required by Fed.R.Civ.P. 26(a)(1) and Local Rule 26.2;

2. All discovery to be completed by August 18, 2005, and in accordance with the Federal Rules of Civil Procedure and the Local Rules;

3. Expert Disclosures Submitted by September 18, 2005, and in accordance with Local Rule 26.4; and

4. Motions for Summary Judgment shall be filed within 90 days before the date established by the Court for trial, Oppositions to Motions for Summary Judgment shall be filed within 21 days thereafter; and

5. Pretrial Conference on or before October 31, 2005.

### B. Defendant's Proposed Scheduling Plan

CNA proposes the schedule set forth below for consideration by the Court. CNA first proposes a 45-day remand (subject to a 45 day extension for good cause)

to CNA to complete the review of Plaintiff's claim for benefits. **In the event Plaintiff's claim is allowed, this case will be dismissed as moot.** In the event Plaintiff's claim is not allowed, CNA requests that the Court adopt its proposed case scheduling plan for ascertaining the administrative record and deciding the merits of Plaintiff's claim.

## Administrative Remand

CNA proposes a 45-day remand (subject to a 45-day extension for good cause), expiring at the latest on August 16, 2005, to complete its review of Plaintiff's claim for benefits. The purpose and structure of ERISA's claim processes and the interests of judicial economy both support a 45-day remand (subject to a 45-day extension for good cause).

This case involves a claim for disability benefits under an ERISA benefit plan. ERISA contemplates an efficient, low cost review of claims by a claims administrator, followed, if necessary, by judicial review of the claim based on the administrative record. See Orndorf v. Paul Revere Life Insurance Company, 2005 WL 858328 *7 (1st Cir. April 15, 2005)(there is a strong presumption that a Court's review of an ERISA claim is limited to the administrative record); Liston v. Unum Corp. Officer Severance Plan, 330 F. 3d 19, 23 (1st Cir. 2003)(same).

In this case, CNA did not complete its review of Plaintiff's claim prior to suit being filed and as such, the administrative record is incomplete. When the administrative record is incomplete, remand to the claims administrator is appropriate. Recupero v. New England Telephone and Telegraph Co., 118 F.3d 820,

830-31 (1st Cir. 1997); Krodel v. Bayer Corporation, 345 F.Supp.2d 110 (D.Mass. 2004) (relying on Recupero, the Court remanded plaintiff's claim to claims administrator where review process was procedurally defective); Spanos v. TJX Companies, Inc., 220 F.Supp.2d 67 (D.Mass. 2002)(relying on Recupero, the Court remanded plaintiff's claim to the claims administrator where defendants did not abide by the terms of the SPD and plaintiff was denied appeal procedures to which he was entitled).

The interests of judicial economy strongly support the remand of Plaintiff's claim to CNA. First, CNA may determine that Plaintiff is entitled to benefits under the ERISA Plan. <u>In the event that CNA determines the Plaintiff is entitled to benefits under the ERISA Plan, this case will be dismissed as moot and there will be no need for review by this Court</u>. Second, remand would serve the interests of judicial economy even if CNA determined that Plaintiff was not entitled to benefits. Without a remand, there is no administrative record to review and Plaintiff's entire claim would have to be adjudicated by the Court. See Krodel, 345 F.Supp.2d at 117. With the remand, the Court would only have to review the administrative record, rather than adjudicate the entirety of this matter. Consequently, judicial economy compels this Court to remand the case to CNA.

### Judicial Review of Administrative Decision

In the event that CNA determines Plaintiff is entitled to benefits, this case will be dismissed. In the event that CNA determines Plaintiff is not entitled to benefits, CNA proposes that the review of CNA's denial proceed as follows (the dates set

forth below reflect a 90-day review period, should CNA complete its review within 45-days, the below dates will be adjusted accordingly):

a. Insofar as this matter involves the review of an administrative record whose content will be decided based on the methodology set forth herein, the parties are relieved of any mandatory disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, and as provided for in Fed. R. Civ. P. 26(a)(1)(E)(i).

b. The Court orders the Defendant to provide Plaintiff a Proposed Record for Judicial Review ("Proposed Record") on or before **August 30, 2005**, as follows. The Proposed Record shall consist of the following documents unredacted, and arranged in an orderly fashion: 1) all non-privileged documents contained in the Defendant's claim file concerning Plaintiff's claim; and 2) all relevant plan documents in the possession of the Defendant.

c. Upon receiving the Proposed Record, the Plaintiff shall review the documents submitted as part of the Proposed Record and identify those documents containing information that must be redacted or filed under seal pursuant to Rule 5.3 of This Court's Rules (amendment effective May 6,2003). Plaintiff shall bear sole responsibility for identifying information that must be redacted or filed under seal pursuant to Rule 5.3. Plaintiff shall notify Defendant's counsel in writing by **September 13, 2005**, providing a list of all information it seeks to redact, or file under seal pursuant to Local Rules 5.3. If the

Defendant objects to the proposed redaction or filing under seal of any of the information proposed to be redacted or sealed by Plaintiff, the parties shall confer in an attempt to resolve those issues. If the issues cannot be resolved, either party may file a motion with the Court seeking a ruling on any such issues said motion to be filed on or before **September 20, 2005**. Alternatively, either party may file a motion to seal the entire Record for Judicial Review, on or before **September 20, 2005**.

d.  If after receiving the Proposed Record the Plaintiff claims that the Proposed Record is incomplete or inaccurate in any way, Plaintiff must notify the Defendant's counsel in writing of the same by **September 20, 2005**. If the Plaintiff does not provide such notice by **September 20, 2005**, then the Defendant shall file with the Court each of the documents previously served on Plaintiff entitled as "Agreed Upon and Complete Record for Judicial Review." If the Plaintiff does provide such notice, then the parties must then confer in an attempt to agree upon the contents of the Record for Judicial Review by **September 27, 2005**. If the parties come to an agreement, they are to immediately file an "Agreed Upon and Complete Record For Judicial Review." If the parties cannot agree on the Record For Judicial Review, then the Defendant shall file with the Court by **October 4, 2005**, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the Record For Judicial Review, the parties

shall file memoranda concerning any additional material they seek to have added to the Record For Judicial Review by **October 11, 2005**.

e. If any party proposes that it is entitled to any discovery, to constitute or supplement the Record For Judicial Review, it must file with the Court a submission showing cause for the party's entitlement to such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received at trial and would be material to the disposition of this civil action. Any requests for discovery must be filed by **October 11, 2005**. Counsel to any party not proposing discovery shall have two weeks from service of a request for discovery to file an opposition thereto.

f. If any party proposes that it is entitled to an evidentiary hearing necessary to supplement the Record For Judicial Review, it must file with the Court a submission showing cause for its entitlement to such evidentiary hearing. The Court expects a reasonable degree of particularity as to what reason exists to expect that the product of the evidentiary hearing would be material to the disposition of this civil action. Any request for such evidentiary hearing must be filed by **October 11, 2005**. Counsel to any party not proposing the evidentiary hearing shall have two weeks from the service of a request for such a hearing to file an opposition thereto.

g. Upon the Court's determination that the Record for Judicial Review is complete, the Court shall conduct a bench trial on the papers in accordance

with the Federal Rule of Civil Procedure 52(a). See Orndorf v. Paul Revere Life Insurance Company, 404 F.3d 510 (1st Cir. 2005) ("where review is properly confined to the administrative record before the ERISA plan administrator . . . there are no disputed issues of fact for the Court to resolve," similarly, "where review is based on an administrative record and no additional evidence is considered, jury trials are not available.")

h. Any party filing a Bench Trial Brief shall do so on or before **November 29, 2005.**

i. Any party filing an Opposition to a Bench Trial Brief shall do so on or before **December 13, 2005.**

**Alternative Case Scheduling Proposal in the Event the Court Denies Remand**

In the event the Court elects not to remand this case and allows this case to proceed in this Court, CNA proposes the following reasonable and accelerated schedule:

1. Rule 26 Automatic Disclosures

    The parties will exchange initial disclosures within 14 days after the Scheduling Conference as required by Fed.R.Civ.P. 26(a)(1) and Local Rule 26.2 (June 1, 2005).

2. Close of Discovery

    All discovery to be completed by October 31, 2005, and in accordance with the Federal Rules of Civil Procedure and the Local Rules.

3.  <u>Plaintiff's Trial Experts</u>

    Plaintiff shall designate his experts by November 18, 2005 in accordance with Fed. R. Civ. P. 26 (a)(2) and Local Rule 26.4.

4.  <u>Defendant's Trial Experts</u>

    Defendant shall designate his experts by December 19, 2005 in accordance with Fed. R. Civ. P. 26 (a)(2) and Local Rule 26.4.

5.  <u>Motions for Summary Judgment</u>

    Motions for Summary Judgment shall be filed within 90 days before the date established by the Court for trial, Oppositions to Motions for Summary Judgment shall be filed within 21 days thereafter.

III. **CERTIFICATION OF COUNSEL AND PARTIES**

The parties will submit their respective certifications at or before the Scheduling Conference.

| | |
|---|---|
| The Plaintiff,<br>VALERIE GILLEN,<br>By her attorneys, | Defendant CNA Group Life Assurance Company<br>By its Attorneys, |
| s/Robert M. Elmer<br>Allan E. Taylor<br>BBO #493180<br>Robert M. Elmer<br>BBO #640269<br>TAYLOR, DUANE, BARTON<br>  & GILMAN, LLP<br>160 Federal Street<br>Boston, MA 02110<br>(617) 654-8200 | s/David B. Crevier<br>David B. Crevier, BBO # 557242<br>Katherine R. Parsons, BBO# 657280<br>CREVIER & RYAN, LLP<br>1500 Main Street, Suite 2020<br>Springfield, MA 01115-5532<br>Tel: (413) 787-2400<br>Facsimile: (413) 781-8235<br>Email: dcrevier@crevierandryan.com<br>           kparsons@crevierandryan.com |

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on Plaintiff's counsel by first class U.S. Mail, postage prepaid this 13th day of May, 2005.

/s/ David B. Crevier